Our last case this morning is United States v. Fowowe, if I'm pronouncing it correctly. I think it's Fowowe, but I think you're close enough. Fowowe. Okay. And we have both counsels. So, Mr. Henderson, you may proceed. Thank you, Your Honor, and may it please the Court. Peter Henderson on behalf of Olaitan Fowowe. This case involves a procedural claim of error in the denial or partial denial of a section 404 B motion under the First Step Act. I think the outcome is controlled by three cases from last year from this court. The district court seems to have just missed the argument on the supplemental pleading that we filed. And what's clear from United States v. Coroner is that because a defendant is entitled to only one review of their sentence, he's entitled to a complete clear review, which means that as a baseline, that involves an accurate comparison between the statutory penalties that applied at the original sentence and the statutory penalties that would apply now. And what happened here was we pointed out that the statutory penalties now are in fact lower than they were at the original sentencing and lower even than what the Fair Sentencing Act did. And so the judge should take that into consideration. Under Shaw, under Hudson, those are considerations for a judge to take into account. The judge doesn't have to reduce the sentence, of course. But what we've seen with, in our court at least, is judges have generally been receptive to these arguments that are based on United States v. Ruth and have typically taken them into account. We listed some of those cases on pages 14 and 15 of our reply brief. And the district court here, I think, just overlooked it. A couple points in the opinion where the district court expressed its belief that the mandatory minimum prison term was 10 years rather than 5 and that the minimum supervised release term was 8 years rather than 4. And in fact, the district court reduced the term of supervised release from 10 years to 8. There's no indication from the record that it wouldn't have reduced it to 4 had it considered this argument on the updated statutory penalties. So under Coroner Hudson and Shaw, the district court was perfectly entitled to consider the changes in the law that were affected by United States v. Ruth. They applied to Mr. Foley's case. And we would ask that the court, in the absence of any questions, reverse the judgment and send it back so Judge Shadid can make an exercise of his discretion on this first step back. Thank you. Mr. Bass. Thank you, Your Honor. May it please the court. Timothy Bass on behalf of the United States. Your Honor, the district court's judgment in this case should be affirmed because it should not be required to consider and expressly address this court's decision in Ruth and the continuing validity of a defendant's prior Illinois drug conviction in deciding the first step back motion. And the reason for that, there are essentially four reasons for that. The first and primary one is that unlike this court's decisions in Shaw, Coroner, and Hudson, the first step act, which this court has said is the authorizing vehicle for considering reduction in sentence, expressly provides that the changes to what, changes to what are prior qualifying convictions, are not retroactive. And that is essentially what the defendant is requesting the court, district court, to be required to do, to address the continuing validity of a prior drug conviction, which the first step act expressly provides as non-retroactive.